## FLOYD vs. THE STATE.

[INDICTMENT FOR PERJURY.]

1. *Form of interrogatory to witness.*—A question in these words, "Do you know any circumstances which will show that the defendant knew his son went to school in the year 1854," is neither leading, nor otherwise objectionable in form.
2. *Relevancy of evidence to prove perjury.*—Under an indictment charging that the prisoner falsely swore, in a civil suit, "that he did not send his son to school last year, and did not know that his son went to school," the fact that he knew his son went to school, if material to the issue in the civil suit, would be relevant evidence ; *secus,* if immaterial.
3. *What bill of exceptions must state, to show error in admission of evidence, or charge of court.*—Where an exception is reserved to the admission of evidence, under an indictment for perjury, on the ground that it is irrelevant because immaterial to the issue which was involved in the judicial proceeding ; or where an exception is reserved to the refusal of the court to instruct the jury that the fact was immaterial to that issue,—the record must affirmatively show, in either case, that the evidence or fact was immaterial.
4. *Objection to grand jury.*—The objection cannot be raised for the first time in the appellate court, that the record does not show that any of the grand jury except the foreman was sworn.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN GILL SHORTER.

THE indictment in this case charged that the prisoner, James L. C. Floyd, "on his examination as a witness, duly sworn to testify, on the trial of a civil action in the circuit court of Pike county, between John Warnock, plaintiff, and said Floyd as defendant, which court had authority to administer such oath, falsely testified, among other things, that he did not send his son to school last year, and that he did not know that his son went to school last year, (meaning his son James Floyd, and the year 1854 ;) the matters so testified to being material, and the testimony willfully and corruptly false."

"On the trial," as the bill of exceptions states, "the State produced a witness who testified, among other things, that he was present at the trial of a civil cause in said

circuit court, on the 15th September, 1854, between John Warnock, plaintiff, and said Floyd as defendant, which suit was brought by Warnock to recover of said Floyd the sum due for the tuition of his son; and that said Floyd, on his examination as a witness in said cause, testified, among other things, that he did not send his son to school in the year 1854, and did not know that his son went to school in the year 1854. The attorney-general then propounded the following question to this witness: 'Do you know any circumstances which will show that the defendant knew that his son went to school in the year 1854.' The defendant objected to this question; but the objection was overruled, and he excepted. There was other testimony in the cause. The defendant's counsel asked the court to instruct the jury, that it was not material to the issue whether the defendant knew that his son was going to school in 1854 or not; which charge the court refused to give, and the defendant excepted."

H. W. HILLIARD, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra.*

WALKER, J.—The question propounded by the attorney-general in the court below, to which the defendant excepted, was not illegal. It was not leading, (1 Greenleaf on Ev., § 434,) nor was it objectionable in any other respect as to form, as is settled in the case of Yarbrough v. Hood, 13 Ala. 176.

The objection to the interrogatory of the attorney-general gives rise to the question of the relevancy, in this case, of evidence that the defendant knew his son went to school in 1854. Such evidence would be relevant, if it was material upon the trial of the case on the trial of which it is alleged that the defendant swore falsely. If it was immaterial, it was incumbent upon the party excepting to show, by setting out the facts in the bill of exceptions, that such was the case. The bill of exceptions not only does not show that such evidence was immaterial upon the trial of the case in

which the defendant testified, but we can very well conceive that it may have been material and important.

The charge asked was, for the same reason, properly refused. It would not have been proper for the court to charge the jury that the defendant's knowledge of his son's being at school in 1854 was immaterial, unless the court could, from the evidence, see and ascertain its immateriality. The evidence is not set out in the bill of exceptions, and we cannot say, in its absence, whether the immateriality of the defendant's knowledge, in the particular stated, or the reverse, was apparent to the court below; and, therefore, we cannot decide that the court below erred. It is not sufficient to authorize a reversal, that the correctness of the ruling of the court below is not shown, but it is requisite that its incorrectness should appear.

The objection, that it does not appear from the record that any of the grand jury besides the foreman was sworn, comes too late, when made for the first time in this court. See Code, § 3591.

The judgment of the court below is affirmed, and its sentence must be executed.