# Sanders *v.* The State.

### Indictment for Maltreatment of County Convict.

1. *Objections to indictment, on account of defects in grand jury.*—An indictment not found by a legal grand jury, is void, and the objection to its validity may be raised at any time, even for the first time on error; but, if it was found by a legal grand jury, although the members thereof were not properly drawn or summoned, objection to it on that account can not be raised for the first time on error.—Rev. Code, §§ 4087, 4187–88.

2. *Grand juries of Quarter Sessions Court of Perry.*—It is not a valid objection to an indictment, found at a regular term of the Court of Quarter Sessions of Perry county (Session Acts 1875–6, p. 371), that the 9th section of the act establishing that court requires that, at the terms held at Uniontown, grand jurors shall be selected from resident citizens of that beat, possessing the stat-

[Sanders v. The State.]

utory qualifications (Rev. Code, §§ 4063-64), and that all resident citizens of that beat shall be excluded from service as grand jurors at the terms held at Marion ; nor is it a valid objection, that said act requires grand jurors to be drawn and summoned by "the officers required by law to *summon* jurors": the word *summon*, as there used, evidently means select, draw, and summon.

3. *Sufficiency of indictment.*—An indictment which alleges that the defendant, "being the hirer of one M., a convict sentenced to hard labor for the county, did, during the time of said sentence to hard labor, and during the time said M. was so hired to him, maltreat said convict, by chaining him to a plow for a great number of days, that is to say, four days, and forcing said convict, while so chained, to plow the lands of said defendant, and to work and labor for him while so chained, to the great punishment and suffering of said convict, without having an order, either of the court trying the offender, or of the Court of County Commissioners, for the confining, chaining, or otherwise shackling of said convict,"—is sufficiently certain and definite on demurrer (Rev. Code, §§ 3687, 4112), without any averment of the court by which the convict was sentenced, or the term of his sentence, or the offense of which he was convicted, or the name of the person or officer by whom he was hired to the defendant, or the term of such hiring.

FROM the Court of Quarter Sessions of Perry.

Tried before the Hon. POWHATAN LOCKETT.

The indictment in this case was in the following words :
"The State of Alabama, }    Court of Quarter Sessions,
          Perry County.    }         August term, 1876.

"The grand jury of said county charge, that before the finding of this indictment, Green B. Sanders, the hirer of one Lewis Massey, a convict sentenced to hard labor for the county, did, during the time of said sentence to hard labor, and during the time said Massey was so hired to him, maltreat said convict, by chaining him to a plow for a great number of days, that is to say, four days, and forcing said convict, while so chained, to plow the lands of said defendant, and to work and labor for him while so chained, to the great punishment and suffering of said convict, without having an order, either of the court trying the offender, or of the Court of County Commissioners, for the confining, chaining, or otherwise shackling of said convict; against the peace," &c.

The defendant demurred to the indictment, assigning the following as causes of demurrer: "1. Because said indictment does not show by what court the said Lewis Massey was convicted and sentenced. 2. Because it does not state the time when, nor the length of time for which, the said Massey was sentenced to hard labor. 3. Because it does not state by whom, or by what authority, the said Massey was hired to the defendant. 4. Because it does not show of what offense the said Massey was convicted. 5. Because it does not show the time when, nor the length of time for which the said Massey was hired to the defendant. 6. Because it does not state the facts constituting an offense known

[Sanders v. The State.]

to the law, with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." The court overruled the demurrer, and the defendant then pleaded not guilty; and on issue joined on that plea, he was tried, convicted, and fined fifty dollars.

There is no bill of exceptions in the record, and no writ of error; but the judgment entry recites, that the defendant had taken *an appeal*, and the judgment is suspended until the decision of the appeal.

JOHN F. VARY, for the defendant.—1. The indictment purports on its face to have been found by "the grand jury of *said county* "—that is, of Perry county. The general statutory provisions relating to the drawing and summoning of grand jurors, as contained in the Revised Code, apply only to grand jurors for the Circuit Court; and all indictments, found by such grand juries, are required to be returned into that court. If an indictment, found by a grand jury organized by the Circuit Court, should be returned into the Court of Quarter Sessions, that court would have no right to proceed upon it. And yet the indictment in this case, on its face, purports to be found by such a grand jury. If the indictment was in fact found by a grand jury organized under the provisions of the act establishing said special court, the record should affirmatively show it. A critical examination of that act, however, will show that a grand jury can not be drawn and organized under its provisions—that there is in fact a fatal deficiency in the law, which can only be remedied by further legislation. The indictment not having been found by a legal grand jury, the objection is available on error.— *Harrington v. The State*, 36 Ala. 236.

2. The indictment is obnoxious to the several objections specifically assigned as causes of demurrer, and the demurrer should have been sustained.— *Turnipseed v. The State*, 16 Ala. 664; *Williams v. The State*, 15 Ala. 259; *Beasley v. The State*, 18 Ala. 555; *Anthony v. The State*, 29 Ala. 27; 2 Bishop's Crim. Pro. § 785; 1 Archb. C. P. (Waterman's ed.) 85–6; *Lewis v. The State*, 41 Ala. 414; *Sloan v. The State*, 67 N. C. 357.

JOHN W. A. SANFORD, Attorney-General, for the State.—1. The indictment contained a sufficient description of the offense.—Rev. Code, §§ 3687, 4112; *McGehee v. The State*, 52 Ala. 224; 1 Bishop's Crim. Pro. § 267.

2. No objections can be here raised to the indictment, on account of defects in the organization of the grand jury, unless such objections were properly presented in the court

below.—Rev. Code, §§ 4087, 4187 ; *Floyd v. The State*, 30 Ala. 511 ; *Russell v. The State*, 33 Ala. 366.

STONE, J.—It is contended by counsel for appellant, that under the act " To establish a Court of Quarter Sessions for Perry county," approved February 23d, 1876 [see Pamphlet Acts, 371], no legal grand jury can be drawn or impannelled. The reason assigned for this is, that because the act creating the court, in section 9, declares, " that there shall be drawn and summoned for said court, by the officers required by law to summon jurors, a grand jury," &c., and then provides that, at the November term, which is required to be held at Uniontown, the grand jury drawn for such term shall be selected from persons residing in that beat, having the requisite qualifications to serve as grand jurors, and exempts all such persons, so residing in Uniontown beat, " from service as grand jurors at the terms of said court held at Marion," that this renders it impossible to draw and summon a grand jury according to the provisions of the Revised Code, sections 4062 *et seq.* It is contended, that the statute is imperfect, and that no lawful grand jury can be organized under it. If this be so, it would follow, that any indictment, found by such body of persons, would be void, and the objection could be taken at any stage of the proceedings; even here, for the first time.—*Harrington v. The State*, 36 Ala. 237.

We can not perceive, however, that the alleged imperfection exists. The general law (Rev. Code, §§ 4062 to 4073, inclusive) furnishes full directions for drawing and summoning jurors ; and sections 4080 *et seq.* direct how the grand jury shall be organized. These sections designate "the officers required by law," to perform the service of selecting, drawing and summoning jurors. The fact that the persons having the requisite qualifications to serve as grand jurors, are divided into two classes—namely, those "residing in Uniontown beat," and those not residing in that beat—opposes no insurmountable barrier to the performance of such service. It may render it necessary to have two boxes, in which to deposit the names of the persons selected ; or, when the drawing takes place, of laying aside the names of such persons as are not eligible for the particular session of the court. It requires no greater departure from the general routine ; and this, we think, the designated officers were authorized to do.

The objection, that the statute uses the word *summon*, instead of the words *select, draw, and summon*, is too technical, and can not prevail. The latter was evidently the meaning of the legislature. Moreover, this objection, if valid, can not

[Matthews v. The State.]

be raised in this form, or in this court for the first time.—
Rev. Code, §§ 4087, 4187, 4188; *Floyd v. State*, 30 Ala. 511;
*Russell v. State*, 33 Ala. 366; *Harrington v. State, supra.*

3. The indictment in this case very clearly and explicitly
sets forth a misdemeanor.—Rev. Code, § 4112. It negatives
the right to shackle the convict, by averring that it was done
by the defendant "without having an order, either of the
court trying the offender, or of the Court of County Commis-
sioners" therefor. The indictment sets forth a case of mal-
treatment.—Rev. Code, § 3687. The demurrers were prop-
erly overruled. If the defendant, to whom the convict was
hired, maltreated him in the manner averred in the indict-
ment, it is immaterial by what court the convict was sen-
tenced, or when sentenced, or for what length of time, or for
what offense he was undergoing punishment, provided the
court had jurisdiction, and the term of the sentence was unex-
pired. Nor was it necessary to aver these facts, or the name
of the person or officer by whom the convict was let to hire,
nor the length of time he was so let. The averment in the
indictment, that the person alleged to have been maltreated,
was "a convict, sentenced to hard labor for the county," that
he was hired to defendant, and that "during the time of said
sentence to hard labor, and during the time said convict was
so hired to him," he did the acts of maltreatment charged in
this indictment, is sufficient to inform any person of common
understanding of what was intended; and would enable the
court, on conviction, to pronounce the proper judgment.—
Rev. Code, § 4112. These averments would let in legal evi-
dence of conviction and unexpired sentence of a court having
competent jurisdiction, and of a letting to hire of the con-
vict, by a person thereunto lawfully authorized.

There is no error in the record, and the judgment is
affirmed.