# Roe *v.* The State.

*Indictment for Wanton Injury to Domestic Animal.*

1. *Objections to grand jury.*—Under statutory provisions (Code, § 4889), the objection can not be raised on error, for the first time, that the record does not show that the foreman of the grand jury was sworn.

2. *Tender of compensation.*—A tender of full compensation to the owner of the animal killed or injured, and its refusal by him, before the commencement of the prosecution, is a bar to it (Code, §§ 4409–11); and if a *bona fide* offer of full compensation is made, a refusal by the owner to accept it, declaring that he will not receive it, is an implied waiver of the production of the money.

FROM the County Court of Hale.
Tried before the Hon. JAS. M. HOBSON.

THOS. R. ROULHAC, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—Under section 4889 of the Code of 1876, no objection can be taken to an indictment, by plea in abatement or otherwise, on any ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law. The objection that it does not appear from the record that the foreman was sworn, comes too late when made for the first time in this court.—*Floyd v. State*, 30 Ala. 511; *Billingslea v. State*, 68 Ala. 486.

The court refused to instruct the jury, as requested by defendant, that if the defendant sent his employer to the owner of the hog to offer compensation, and, on such offer being made, the owner replied, that she did not want any of defendant's money, and that he should not have any of the meat of her hog, such reply was a refusal to accept compensation, and excused any other or further tender. Section 4411 of the Code provides, that no conviction must be had under section 4409, under which the defendant was convicted, "when it is shown upon the trial of the cause that the owner of the property has been satisfactorily compensated, or full compensation has been tendered for the damage to the same, before the commencement of the prosecution." The statute converts what was theretofore a civil trespass into a misdemeanor. The offense created is an offense

[Marks v. Robinson & Ledyard.]

against the property. Malice against the owner is not an element. One purpose of the statute is compensation to the owner, to whom one-half of the fine goes. The policy is, that when such compensation has been made, or tendered, the public good does not require a prosecution. Ordinarily, a tender must be accompanied with a production of the money ; but, if a *bona fide* offer of full compensation is made before the commencement of the prosecution, a refusal by the owner, declaring that he will not receive it, impliedly waives the production of the money. When such offer is made and refused, no conviction can be had, unless the owner subsequently, and before commencing prosecution, notifies the accused of her readiness to receive compensation, and he fails to make it because of either his unwillingness or inability.

Reversed and remanded.