# Dotson *v.* The State.

### *Indictment for Forgery.*

1. *Admissibility of confessions.*—The confessions of the defendant in this case, a freedman, made to the police officer who had arrested and was carrying him to jail, held to be voluntary and admissible, although the officer had said to him, "I have known you a long time, and will help you all I can; and if you say you did not forge that paper, I will see Mr. M. [prosecutor], and get him to compromise with you, if I can. If you did do it, it might be best for you to say so; but, if you did not, stick to it that you did not."

2. *Charge referring legal question to jury.*—A charge requested in a criminal case, referring to the jury the intelligibility of the writing charged to have been forged, or its sufficiency to support a criminal prosecution, without the aid of extrinsic evidence, is properly refused.

3. *Appointment of foreman of grand jury; failure of record to show.* An objection to an indictment, because the record does not affirmatively show the appointment of one of the grand jurors as foreman, should properly be raised by motion to quash, or to strike from the files, before plea to the merits; but, if no objection is raised in the court below, and the indictment returned into court, as copied in the transcript, is indorsed "A true bill," with the signature of one of the grand jurors attached as "foreman of the grand jury," the objection is not available on error.

FROM the City Court of Decatur.

Tried before the Hon. W. H. SIMPSON.

The indictment in this case charged, in a single count,
VOL. LXXXVIII.

[Dotson v. The State.]

that John Dotson, who was a freedman, "with intent to injure or defraud, did falsely make, alter, forge, counterfeit, alter [*utter?*] and publish as true, an instrument in writing in words and figures as follows," setting it out. The writing, as here copied, was dated Jan. 16th, '89, signed *T. N. Terley*, addressed to *Mr. S. Marks*, and in these words: "Please let this man have a pair of shoes, and charge it to the city." The bill of exceptions states that the original writing "is hereto attached," but it has not come to the hands of the reporter, nor is it any where set out except in the indictment. *S. Marx*, a witness for the State, testified that the defendant presented the order at his store, and procured a pair of shoes on the faith of it; that he had wanted to buy a pair of shoes about ten days before, and asked "if he would accept an order made by Mr. Turley; also, "that he had been dealing with negroes for forty years, and knew defendant, and that it was defendant who presented the order to the best of his knowledge, though he would not be absolutely positive." *T. F. Turley*, another witness for the State, who was the city marshal of Decatur, testified that he did not write the order, nor authorize any other person to write it in his name. Wm. Griffin, another witness for the State, a police officer, by whom defendant was arrested, testified that he said to defendant, when locking him up in jail: "John, I have known you a long time, and will help you all I can; and if you say you did not forge that paper, I will see Mr. Marx, and get him to compromise it with you, if I can. If you did do it, it might be best for you to say so; but, if you did not, stick to it that you did not." The witness further testified, "that he made no promise except as above stated, and did not threaten defendant in any way; and that defendant then said he forged the paper, and that he wanted to fix it up." Another witness for the State, who was present and heard said conversation, testified the same in substance. On this evidence, the court admitted the confession as evidence, against the objection and exception of defendant. The defendant, testifying as a witness for himself, said that he "could not write, and did not know one letter from another; that he did not write the order, and was not the man who presented it to Marx;" and he denied that he made any confession to Griffin.

On this evidence, the defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe from the evidence that the writing
14

[Dotson v. The State.]

offered in evidence is so imperfect and obscure that it is unintelligible without reference to extrinsic facts, they should find the defendant not guilty." (2.) "If the jury believe from the evidence that proof outside of the writing was necessary to explain it, they should find the defendant not guilty." (3.) "If the jury believe that the facts necessary to explain the written instrument are not averred in the indictment, and it is necessary to resort to these facts to explain said writing, then they should find the defendant not guilty." (4.) "If the jury believe the evidence, they must find the defendant not guilty."

The transcript filed in this court did not show the organization of the grand jury by which the indictment was found, nor any of the indorsements on the indictment. In return to a *certiorari*, the clerk of the City Court certified the proceedings relating to the organization of the grand jury, which concluded thus: "And there now being fifteen of such persons so drawn and summoned, who, having been duly qualified and sworn as by law directed, are as follows, to-wit, J. W. Tyler and fourteen others as aforesaid, and who having been well, duly and faithfully charged by the court concerning the matters and things to come before them, as directed by law, were declared by the court to be the grand jury for the first term of said court, it being the June term, 1889; and are now therefore ordered by the court forthwith to retire, and to assume and fully discharge their duties as such grand jury." An agreement of counsel was also made, and entered of record in this court, as follows: "It is agreed and admitted in this case, that the indictment was properly indorsed *A true bill*, and signed by a person purporting to be the foreman of the grand jury; and that said indictment was regularly returned into court, and indorsed *Filed* by the clerk. But appellant does not admit that said person who signed said indorsement as foreman of the grand jury, was in fact a legally appointed foreman of said grand jury. This agreement is made for the sole purpose of avoiding the necessity for a *certiorari* as to said indorsements on said indictments."

WERT & SPEAKE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The question of the admissibility of defendant's confessions as evidence against him, is not distinguishable

[Dotson v. The State.]

in principle from the same question considered and decided in
*Dodson v. State*, 86 Ala. 60. In that case, following our for-
mer rulings, we held the confessions admissible. We might
go farther in this case, and hold, that if any inducement was
held out, it was that the defendant should not confess. The
inducement offered was, in substance, that if defendant was
not guilty, he, the witness, would intercede for him, and
thought he could bring about a settlement of the difficulty,
but, if he denied his guilt, to stick to it. There is nothing
in this objection.

The first three charges asked for defendant, were severally
faulty. Each invoked an interpretation of paper writings
by the jury, and for that reason, if for no other, each was
properly refused.—3 Brick. Dig. 107, § 4. There was cer-
tainly enough criminating testimony to authorize the sub-
mission of the case to the jury. The charge on the effect of
the testimony was rightly refused.

In the organization of the grand jury of fifteen persons, the
record fails to inform us that the trial judge appointed any
one of them to be foreman of the body.—Code, 1886, §4337.
The indictment was returned by the grand jury into court,
having upon it the indorsement, "a true bill," signed by one
of the members, styling himself "foreman of the grand
jury." The record fails to state that this question was
raised in the court below. Probably, the proper method of
raising such question would be by motion, in the court below,
to quash the indictment, or to strike it from the file; and
this, before plea to the merits. A quashal under such cir-
cumstances would delay or embarrass the progress of the
prosecution much less than a ruling sustaining the motion,
if made in this court.—Code of 1886, § 4394.

The indictment was returned into court by the grand jury
so organized, had on it the proper indorsement, " A true bill,"
signed by one of the body styling himself "foreman of the
grand jury;" and in that condition, it was handed to, and in-
spected by the judge presiding, who a few days previously
had organized the body. Can it be supposed that an official
function as important as that of indorsing and signing the
grand jury's finding would pass the eye of the presiding
judge, unnoticed and unrebuked?

In *Floyd v. State*, 30 Ala. 511, the record sent up to this
court failed to disclose that any of the grand jurors by whom
the indictment was found, except the foreman, had been
sworn as such. This court said: "The objection, that it

does not appear from the record that any of the grand jury besides the foreman was sworn, comes too late, when made for the first time in this court." In support of that principle, section 3591 of the Code of 1852 was cited. That section, without change that affects this case, is section 4445 of the Code of 1886, and has never been impaired since its enactment. This case was followed in *Roe v. The State*, 82 Ala. 68, and in *Harrington v. State*, 83 Ala. 9. There is nothing in this objection.

Affirmed.