PEOPLE, PLAINTIFF AND APPELLEE, v. RÍOS, DEFENDANT AND
APPELLANT.

Appeal from the District Court of Aguadilla in a Prosecu-
tion for Violation of Section 61 of the Excise-Tax Law.

No. 1820.—Decided February 20, 1922.

APPEAL—TRIAL DE NOVO—COMPLAINT.—When an appeal is taken to a district
court in a criminal action the original complaint continues to be the basis
of the prosecution in the trial *de novo*; therefore it is not necessary that
it should be sworn to by the district attorney.

EVIDENCE—LEADING QUESTION—DISCRETION OF COURT.—Notwithstanding the gen-
eral rule against leading questions, the matter is largely within the discre-
tion of the trial court, which may, in criminal as well as in civil cases, al-
low such questions to be put to a witness when it deems such course neces-
sary or advisable, or refuse to allow such questions when the circumstances
do not seem to require such mode of examination; and in the absence of
a palpable abuse of discretion resulting in prejudice to the complaining
party, reversible error can not be predicated upon the action of the court.

ID.—DISCRETION OF COURT.—Courts have discretion to allow a party to present
evidence after the said party has rested.

The facts are stated in the opinion.

*Mr. J. Valldejuli* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Justa Ríos was charged with having in her possession
and custody a still for distilling alcohol which was not reg-
istered in the Treasury Department of Porto Rico. She was
convicted in the Municipal Court of Aguadilla and appealed
to the District Court of Aguadilla in which she was also
convicted, whereupon she appealed to this court. In her
brief she assigned the following errors: That the complaint
was not sworn to by the district attorney; that the district
attorney was allowed to ask leading questions; that certain
evidence was permitted to be introduced in an irregular man-
ner, and that she was convicted on insufficient evidence.

1. The first assignment is without merit. The appellant
was prosecuted under a complaint made in the municipal
court, and such a complaint need not be signed or sworn to

by the district attorney. When an appeal is taken to a district court the original complaint continues to be the basis of the prosecution in the trial *de novo*. See section 103 of the Code of Criminal Procedure.

2. The record contains the following:

"The district attorney put the following question to the witness: 'On or about that date, January 25, 1921, did you have to see her (the defendant) for any reason?' The defendant's attorney immediately objected to the form of the question as being imperfect and amounting to what is known as a leading question. The district attorney replied that he had to fix the date, and repeated the question: 'Did you have to see the defendant on that day?' The defendant again objected to the question. The court admitted the question and the defendant took an exception."

In the appellant's brief it is insisted that the question was leading. In the case of *Stringfellow* v. *State,* 26 Miss. 157, the court said:

"A leading question has been defined to be one which directly suggests the answer which is desired, or which embodies a material fact and admits of an answer by a simple negative or affirmative, though neither the one nor the other be directly suggested: 2 Phill. Ev. 401; 1 Greenl. 553. But in the examination of a witness, if the object be to direct his mind with the more expedition to what is material, and if the question propounded relate merely to introductory matter, it should not be objected to, although in form it be leading. Hence it is not unfrequently a matter of great difficulty to distinguish between those questions which are not to be tolerated because they are leading and those which are such in form but in effect are only calculated to lead the mind of the witness to the subject of inquiry." 59 Am. Dec. 248–249.

See the note to *Turney* v. *State* in 47 Am. Dec. 82.

Applying the foregoing jurisprudence to this case, the question referred to could be classed as a leading question, as it could be answered by an affirmative or a negative, but it is clear that the object was to lead the mind of the wit-

ness with the more expedition to what was material, or to what had taken place between the witness and the defendant.

Under such circumstances the question was admissible, and although there may be some doubt regarding the absolute propriety of it, the error that may have been committed would not be sufficient to justify a reversal of the judgment appealed from. No prejudice to the defendant has been shown and at all events it can not be concluded that the court abused its discretion.

"Notwithstanding the general rule against leading questions, the matter is largely within the discretion of the trial court, which may, in criminal as well as in civil cases, allow such questions to be put to a witness when it deems such course necessary or advisable, or refuse to allow such questions where the circumstances do not seem to require such mode of examination; and in the absence of a palpable abuse of discretion resulting in prejudice to the complaining party, reversible error cannot be predicated upon a ruling of the trial court as to allowing leading questions." 40 Cyc. 2427–2429.

3. The following also appears in the record:

"Here the district attorney informed the court that he had concluded with his evidence, or, to quote him literally, 'the district attorney rests.' Thereafter he said; 'Now I offer in evidence a certificate of the Treasurer of Porto Rico signed by José E. Benedicto and bearing the seal of the Department to the effect that that apparatus is not registered in the office of the Treasurer in the name of Justa Ríos * * *.'

"Attorney for the defendant: 'I object to the admission of that evidence. I object to the admission as documentary evidence of the certificate offered by the district attorney issued by the Treasurer of Porto Rico regarding the registration of the still involved in the prosecution, because the district attorney has not attempted to prove by the government's witnesses that they asked the defendant whether or not the said apparatus was registered; because the testimony does not show that she was asked to produce her license for the possession of the said still, and because the offer of this documentary evidence at this stage of the case, without having established its connection with the case, is a surprise to the defendant and to the court;

therefore the court is requested to reject the said evidence because it is offered unseasonably and in an irregular manner.'

"Judge: 'The court overrules the objection of the attorney.'

"The defendant took an exception."

The appellant insists in her brief that after the district attorney announced that he rested he had no right to offer the certificate in evidence. Admitting that the district attorney announced that he rested, yet the court had discretion to act as it did and we do not see that it abused its discretion in this case. See *People* v. *Julián*, 18 P. R. R. 905.

Referring to this assignment of error the appellant says: "The court erred also in admitting a negative certificate of the Treasurer of Porto Rico which he is not authorized by law to issue * * *." This objection was not duly raised in the district court. The judge who presided at the trial was not given an opportunity to consider it and, in accordance with settled principles, it should not be taken into account now by this court. See the case of *Falero et al.* v. *Falero*, 15 P. R. R. 111.

4. The evidence was wholly contradictory. That for the government, consisting of the testimony of two insular policemen and the certificate to which we have just referred, tends to show that the still in question was seized by the policemen at the very moment when the defendant was coming out of her house with it in an attempt to hide it in a pea patch, and that the defendant had not the still registered in her name in the office of the Treasurer of Porto Rico. The evidence for the defense tended to present the defendant as a victim of the policemen. It purported to show that when they went in the yard of the defendant's house they were carrying the still and then urged the defendant to tell them to whom it belonged, and that as she said that she did not know, they filed the complaint against her.

The trial judge, who saw and heard the witnesses while they were testifying, believed those for the government, and

there being no showing that he was influenced by passion, prejudice or partiality, or committed manifest error, his decision should be sustained. The conflict in the evidence being thus adjusted, there is no doubt that the evidence was sufficient.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.