## El Pueblo, Demandante y Apelado, *v.* Ríos, Acusada y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en causa por infracción a la sección 61 de la Ley de Arbitrios.

No. 1820.—Resuelto en febrero 20, 1922.

Apelaciones Criminales para Ante Cortes de Distrito—Juicio *de Novo*—Denuncia.—Cuando se apela para ante la corte de distrito una sentencia dictada en causa criminal, la denuncia original sigue siendo la base del proceso en el juicio *de novo,* por lo cual no es necesario que esté jurada por el fiscal.

Preguntas Capciosas—Discreción Judicial.—A pesar de la regla general que prohibe las preguntas capciosas, el permitirlas o no descansa en gran parte en la discreción de la corte sentenciadora, la cual puede, tanto en casos criminales como en casos civiles, permitir que se hagan a un testigo cuando lo crea necesario o conveniente, o negarse a permitirlas cuando las circunstancias no parezcan exigir esa forma de examen; y en ausencia de un palpable abuso de discreción que acarree perjuicios a la parte que se queja, no puede sostenerse que el error cometido sea motivo de revocación de la sentencia.

Presentación de Prueba—Discreción Judicial.—Las cortes tienen facultad discrecional para permitir a una parte la presentación de evidencia después de manifestar que su prueba había terminado.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. J. *Valldejuli.*

Abogado del apelado: Sr. *José E. Figueras, Fiscal.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Justa Ríos fué acusada de tener en su poder como guardián del mismo, un alambique para destilar alcohol sin estar inscrito en la Tesorería de Puerto Rico. Fué condenada por la Corte Municipal de Aguadilla. Apeló a la corte de distrito y fué también condenada, apelando entonces para ante este tribunal. En su alegato señaló la comisión de cuatro errores, consistentes en que la denuncia no estaba jurada por el fiscal, en que se permitió hacer preguntas sugestivas al fiscal, en que se permitió introducir en forma irregular cierta prueba y en que se condenó a la acusada basándose en una prueba insuficiente.

1. El primer error no existe. La apelante fué acusada mediante denuncia presentada en la corte municipal y las denuncias no necesitan estar firmadas ni juradas por el fiscal. Cuando la causa se apela, sigue siendo la denuncia en el nuevo juicio que se celebra en la corte de distrito, la base del proceso. Véase el artículo 103 del Código de Enjuiciamiento Criminal.

2. Aparece de los autos lo que sigue:

"El fiscal hizo al testigo la siguiente manifestación: 'Allá en esa fecha 25 de enero de 1921, tuvo que intervenir con ella (la denunciada) con algún motivo?' En este acto el abogado defensor se opuso a tal manera de preguntar al testigo por ser inadecuada y constituir lo que se llama un *leading question*. El fiscal replicó que tenía que referirse a la fecha. Volvió a interrogar. '¿Tuvo que intervenir con la acusada ese día?' La defensa se opuso a tal pregunta. La corte la admitió y tomó excepción la defensa."

En su alegato insiste la apelante en que la pregunta permitida era capciosa. En el caso de *Stringfellow* v. *State*, 26 Miss. 157, la corte dijo:

"Una pregunta capciosa ha sido definida como una que directamente sugiere la contestación que se desea, o que comprende un hecho material y hace posible una contestación mediante un simple negativo o afirmativo, aunque ni uno ni otro sea directamente sugerido: 2 Phill. Ev. 401; 1 Greenl. 553. Pero en el examen de un testigo, si el objeto fuere dirigir su mente del modo más expedito a lo que es material, y si la pregunta propuesta se relacionare meramente con materia de introducción, no debe objetarse a ella, aunque por su forma sea capciosa. Por tanto no raras veces es materia de gran dificultad distinguir entre aquellas preguntas que no deben permitirse porque son capciosas y aquéllas que lo son en forma pero en efecto sólo tienden a llevar la mente del testigo a la materia objeto de investigación." 59 Am. Dec. 248–249. Véase la nota al caso de Turney v. State en 47 Am. Dec. 82.

Aplicada la anterior jurisprudencia, la pregunta de que se trata podría calificarse de capciosa puesto que pudo contestarse con una afirmación o una negación, pero claramente

se observa que se trató de dirigir la mente del testigo del modo más expedito a lo que era material o sea a lo que hubiera ocurrido entre el testigo y la acusada.

Bajo tales circunstancias la pregunta era admisible y aunque pudieran existir dudas con respecto a la absoluta propiedad de la misma, el error que pudo haberse cometido no sería bastante para basar en él la revocación de la sentencia apelada. No aparece perjuicio alguno para la acusada, ni puede sostenerse que la corte abusara en todo caso de su discreción.

"A pesar de la regla general contra las preguntas capciosas," dice Cyc, "la cuestión está en gran parte dentro de la discreción de la corte sentenciadora, la cual puede, tanto en casos criminales como en casos civiles, permitir que se hagan a un testigo tales preguntas cuando ella lo crea necesario o conveniente, o negarse a permitirlas cuando las circunstancias no parezcan exigir esa forma de examen; y en ausencia de un palpable abuso de discreción que acarree perjuicios a la parte quejosa, no puede sostenerse, sobre la decisión de la corte sentenciadora permitiendo preguntas capciosas, la existencia de error que sea motivo de revocación." 40 Cyc. 2427–2429.

3. Consta también de los autos lo que sigue:

"En este momento el fiscal manifestó a la corte que su prueba había terminado, que estaba conclusa o como dijo textualmente: Terminada la prueba del fiscal. Luego manifestó lo siguiente: Ahora presento como prueba la certificación del Tesorero de Puerto Rico, firmada José E. Benedicto y con un sello correspondiente, creditiva de que ese aparato no se halla inscrito en la Tesorería a nombre de Justa Ríos  *  *  *.

"Abogado defensor: Me opongo a la admisión de esa prueba o sea que se admita como prueba documental en este caso la certificación que presenta el fiscal, expedida por el Tesorero de Puerto Rico con respecto a la inscripción del alambique que es objeto de este proceso. Porque el fiscal no ha tratado de probar con los testigos del Pueblo que ellos inquirieron de la denunciada el hecho de la inscripción o no inscripción de dicho aparato.—Que no aparece de la prueba testifical que se solicitara la licencia que ella tuviera de dicho alambique, y que el presentar esta prueba documental a la al-

tura en que está el proceso, sin haber establecido su conección con el caso, implica una sorpresa para la acusada y para la corte, suplicando por tanto no se admita dicha prueba por haber sido presentada a destiempo y de una manera irregular.—Juez: La corte declara sin lugar la moción del compañero.—La defensa tomó excepción.''

Insiste la apelante en su alegato en que una vez que el fiscal anunció que había terminado su prueba no tenía ya derecho a presentar la certificación.  Aceptando que el fiscal diera por terminada la prueba, aún así la corte tenía discreción para actuar en la forma en que lo hizo, y no podemos ver que abusara de su poder discrecional en este caso. Véase *El Pueblo* v. *Julián,* 18 D. P. R. 940.

Refiriéndose a este error la apelante dice: ''Además erró la corte al admitir una certificación negativa del Tesorero de Puerto Rico para expedir la cual no está autorizado por la ley  *  *  * .''  Esta objeción no fué levantada debidamente en la corte de distrito.  No se dió oportunidad al juez que dirigía el juicio para considerarla y de acuerdo con principios bien establecidos no debe ser tenida en cuenta ahora por esta Corte Suprema.  Véase el caso de *Falero et al.* v. *Falero,* 15 D. P. R. 118, 123.

4. La prueba fué completamente contradictoria.  La de cargo, consistente en las declaraciones de dos policías insulares y en la certificación a que acabamos de referirnos, sostiene que el alambique de que se trata fué ocupado por los policías en el momento mismo en que la acusada saliendo de su casa trataba de esconderlo en ''una mancha de gandules'' y en que la acusada no tenía inscrito el alambique a su nombre en la Tesorería de Puerto Rico.  La de descargo tiende a presentar a la acusada como una víctima de los policías. Imputa a éstos que cuando penetraron en el patio de la casa de la acusada ya llevaban el alambique y se empeñaron en que la acusada les dijera de quién era y al ella decirles que no sabía la denunciaron.

El juez sentenciador que vió y oyó declarar a los testigos

creyó a los del fiscal y no habiéndose demostrado que actuara movido por pasión, prejuicio o parcialidad o que cometiera manifiesto error, su decisión debe ser sostenida. Y decidido el conflicto de la evidencia de tal modo, no hay duda que la prueba era bastante.

Procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.