## STATE v. WILLIAMS.

1. The statute relating to written contracts between landowners and laborers is unconstitutional, in that the punishment for a violation of such contract is limited as to the landowner, but unlimited as to the laborer. A demurrer to an indictment under this statute was well taken.

2. A statute which subjects a party to a civil contract to indictment and imprisonment for its breach, does not violate the constitutional provision prohibiting involuntary servitude, nor any other constitutional provision.

3. An indictment for violation of a written contract under the statute (*Gen. Stat.*, § 2081), is bad on demurrer, where it fails to show that the contract in question was such an one as this statute prescribes.

4. A contract under this statute must clearly set forth the time when the amount stipulated is to be paid to the laborer. If the contract fails so to state, the laborer is not liable to an indictment for its breach.

5. The construction of a written contract should not be submitted to a jury.

Before ALDRICH, J., Laurens, September, 1889.

This was an indictment against Jule Williams for violation of contract. The opinion states the case.

*Messrs. Benet & McGowan* and *Johnson & Richey*, for appellant, contended that the statute, under which the defendant was prosecuted, was in violation of article I., sections 1, 2, 12, and 20, of the State Constitution, and cited 1 *Bl. Com.*, 136; *Utsey* v. *Hiott*, 30 S. C., 360. They further contended that in requiring twenty-six work days every month, the contract exacted Sunday work in February, June, and September, in violation of section 1631 of the General Statutes; and that the failure of the contract to fix the time when the laborer was to be paid was fatal to the contract in the criminal court.

*Mr. Schumpert*, solicitor, contra.

February 20, 1890. The opinion of the court was delivered by
MR. JUSTICE McIVER. The defendant was indicted under section 2084 of the General Statutes, for the violation of a written contract to serve the prosecutor as a laborer for the year 1889. The indictment, a copy of which is in the "Case," does not set out the contract alleged to have been violated; but the allegation simply is that the defendant "wilfully, unlawfully, and maliciously did violate a certain written contract entered into on the twenty-fourth day of December, in the year of our Lord one thousand eight hundred and eighty-eight, between the said Jule Williams, laborer, and one J. C. Workman, landlord, and then and there did fail, wilfully and without just cause, to give the labor reasonably required of him, the said Jule Williams, under the terms of said written contract, against the form of the statute," &c. The defendant demurred to the indictment on the ground that the act under which it was drawn was unconstitutional, which demurrer was overruled; and the trial proceeding, the solicitor, after proving the execution of the contract, a copy of which is set out in

the "Case," by the subscribing witness, offered the same in evidence, and also offered evidence tending to show that defendant left the employment of the prosecutor on the 29th March, 1889, without just cause.    The contract, omitting the formal parts, is in these words: "Workman agrees to give Williams the sum of ninety-five dollars for his services for the year 1889, giving me twenty six days' work in each month for the twelve months beginning the first day of Jan., 1889.    Williams agrees to work for J. C. Workman during the year 1889, giving him twenty-six days in each month, beginning the first day of Jan., 1889, for the sum of ninety-five dollars."

The defendant offered no testimony, but requested the Circuit Judge to instruct the jury : "(1) That the contract does not specify the time when the laborer was to be paid for his services, and is for that reason null and void; and therefore defendant cannot be convicted.    (2) That if the jury should find that the contract does not state the time when the laborer was to be paid, the contract is void, and the defendant should be acquitted.    (3) That the act under which defendant is indicted is unconstitutional, and hence defendant cannot be convicted."    These requests were all refused, and the jury were instructed that the time of payment was sufficiently specified in the contract, and that if defendant worked for the prosecutor "for a year, or twelve months, 26 days in each month, according to his contract, he was to get his pay."

The jury having found the defendant guilty, and he having been sentenced to pay a fine of $75, or be confined in the State penitentiary at hard labor for the term of four months, defendant appealed upon the several grounds set out in the record, which make substantially these questions: (1) Whether there was error in overruling the demurrer; (2) whether there was error in refusing to instruct the jury that the contract was void on the ground that it did not state the time when the labor was to be paid, or rather whether the defendant could be indicted under the statute for violating such a contract.

. We think there was error in overruling the demurrer; for the discrimination in the punishment which may be imposed, under the provisions of section 2084 of the General Statutes, as be-

tween the laborer and the land holder, renders the act clearly unconstitutional. In case of the land-holder, the limit of punishment which may be imposed is fixed, whereas in case of the laborer there is no such limitation. But as this feature has been removed by the recent act of 1889 (20 *Stat.*, 381), amending the section above referred to, it is needless to discuss the matter further.

The other constitutional objections cannot, in our judgment, be sustained. If the general assembly sees proper to make the violation of a particular species of civil contracts a criminal offence, we are unable to discover in the provisions of the constitution anything which forbids such legislation. No person is required to enter into such a contract unless he chooses to do so ; and if he does so, he must take the consequences affixed by the law to the violation of a contract into which he has voluntarily entered, just as he subjects himself to the consequences of any other violation of the law. We are unable to discover any feature of "involuntary servitude" in the matter. Every one who undertakes to serve another in any capacity parts for a time with that absolute liberty which it is claimed that the constitution secures to all ; but as he does this voluntarily, it cannot be properly said that he is deprived of any of his constitutional rights ; and if he violates his undertaking, he thereby of his own accord subjects himself to such punishment as the law making power may have seen fit to impose for such violation.

It seems to us that the demurrer to the indictment should have been sustained upon another ground, to wit, that it does not charge any indictable offence. The statute does not purport to make the violation of every written contract entered into between a laborer and a landlord, as the prosecutor is styled in the indictment, an indictable offence ; and hence it is necessary that the indictment should show on its face that the contract alleged to have been violated was of such a character as that described in the statute, and this the present indictment does not show.

It seems to us, also, that there was error in refusing to instruct the jury that the contract in question did not clearly set forth the time when the amount was to be paid to the laborer. Section 2081 of the General Statutes describes the essentials of a

contract, the violation of which is made indictable by section 2084, in these words : "Such contracts shall clearly set forth the conditions upon which the laborer or laborers engaged to work, embracing the length of time, the amount of money to be paid, and when ;" and certainly the contract which is the basis of this prosecution does not "clearly set forth" the time when the amount is to be paid to the laborer.    Upon that point nothing whatever is said, and the time when the money was to be paid was left altogether to inference, which might answer very well if this were a civil action to enforce the contract, but which certainly will not answer in applying a penal statute, which must be construed strictly.

The second request to charge was properly refused, as that would have left it to the jury to construe a written contract, which it was the duty of the court to do.

The judgment of this court is, that the judgment of the Circuit Court be reversed.

MR. JUSTICE McGOWAN concurred.

MR. CHIEF JUSTICE SIMPSON.    I concur in the result on the ground that the indictment did not clearly set out an indictable offence.