## STATE v. AYE.

MISDEMEANOR—FARM LABORER.—A person who entices from the employ of a farmer a minor child, who is working on his farm under contract made by its father, is not guilty of any crime, under Criminal Code 291.

Before TOWNSEND, J., Greenwood, November, 1901. Reversed.

Indictment against Adam Aye in magistrate court. From Circuit order affirming magistrate judgment, defendant appeals.

*Mr. D. H. Magill,* for appellant, cites: 16 S. C., **187**; 22 S. C., 301; 26 S. C., 258; 7 Ency., 104; 5 Wheat., 76; 2 Bail., 334.

*Mr. Boyd Evans,* contra (oral argument).

April 15, 1902. The first opinion was delivered by

MR. JUSTICE POPE. The single question presented by this appeal is whether the Circuit Judge was in error when he so construed sec. 291 of the Criminal Statutes of this State as to hold that one enticing a child away from a farm, which the child's parents had by contract in writing with the owner of said lands agreed to cultivate "with their children," was guilty of a misdemeanor, as provided in said section. The child had not signed such contract. The parents alone had signed such contract, but agreed therein to work the lands themselves for the year 1901, "with their children." The language of sec. 291 is as follows: "Any person who shall entice or persuade by any means whatsoever any tenant, servant or laborer under contract with another, duly entered into by the parties before one or more witnesses, whether such contract be verbal or in writing, to violate such contract, or shall employ such laborer, knowing such laborer to be under contract with another, shall be deemed guilty of a misdemeanor, and upon conviction shall

be fined not less than $25 nor more than $100, &c." It is admitted that the appellant, Adam Aye, did entice the child of the parents, "Willis Adams and Sally Adams," to leave the farm of W. O. Goree during the year 1901. The child could not sign the contract for himself, but the services of such child belonged to his parents, who alone could contract for his employment. These parents did contract for such child's services as a laborer on the lands of W. O. Goree during the year 1901, and such contract was in writing, signed by such parents, in the presence of a disinterested witness. Grant that this is a penal statute and should be strictly construed, yet it does not follow that the parents of this laborer could not enter into a contract with another person for the services of their minor son, so as to debar any third person from enticing or persuading such child from the premises of W. O. Goree, the owner of the land, during the year 1901. In my opinion, the appellant violated this statute when he enticed the lad from his employment on Goree's land, and, therefore, that the conviction therefor should stand.

My opinion is, the judgment of this Court should be, that the judgment of the Circuit Court should be affirmed, but the majority decide that I am in error, and, therefore,

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the defendant granted a new trial.

MR. CHIEF JUSTICE McIVER. Being unable to concur in the conclusion reached by Mr. Justice Pope, in this case, I propose to state briefly the grounds of my dissent. Sec. 291 of the Criminal Statutes, under which this prosecution was instituted, reads as follows: "Any person who shall entice or persuade, by any means whatsoever, any tenant, servant or laborer under contract with another, duly entered into between the parties, before one or more witnesses, whether such contract be verbal or in writing, to violate such contract, or shall employ any laborer, knowing such laborer

to be under contract with another, shall be deemed guilty of
a misdemeanor," &c., the balance of the section being imma-
terial to the questions under consideration.    It is obvious
from this language that the legislature intended to declare
the doing of either one of two acts to be a misdemeanor.
First, enticing a person under a contract to serve another as a
laborer to violate such contract.    Second, employing a
laborer knowing such laborer to be under contract with
another.    Inasmuch as the only charge made against the de-
fendant is for having done the first of these acts, to wit: "en-
ticing and persuading a laborer to violate a contract," and
there is no charge for having employed a laborer knowing
such laborer to be under contract with another, any inquiry
as to whether the defendant had done the second act de-
clared to be a misdemeanor may be eliminated, and our only
inquiry will be as to whether he has done the first act, to wit:
enticed a person under a contract to serve another as a
laborer to violate such a contract.    This being a penal stat-
ute, must, under the well settled rule, be construed strictly,
and it seems to me clear that both the Circuit Judge and the
magistrate before whom the case was originally tried have
erred in giving a liberal construction to the terms of this
statute.    It will be observed that the offense here charged
has become a criminal offense solely by virtue of a statute;
and to the words of that statute we must resort in order to
ascertain whether they cover the case under consideration.
We are not at liberty to resort to conjecture as to what may
or may not have been the intention of the legislature, but
must confine ourselves to the language which that body has
used to express its intention.    Looking alone to the lan-
guage of the statute, it is very obvious that the legislature
did not intend to make it a criminal offense to entice a person
to violate _any_ contract which he may have entered into with
another, for they go on to specify a particular kind of con-
tract to which they refer, to wit: a contract to serve another
as a laborer (confining my language to the admitted facts of
this case) and also how such contract shall be entered into,

to wit: "duly entered into *between the parties* before one or
more witnesses, whether such contract be verbal or in writ-
ing." Now, what is meant by the words "the parties," in
the quotation just made from the statute? Why, surely the
person contracting to serve and the person to be served, for
they are the only persons referred to in the statute except the
person who may entice another to violate his contract, and it
would be absurd to suppose that he was referred to in the
statute as one of *"the parties"* to the contract. It is not and
cannot be pretended that Wiley Adams, the minor child of
Willis Adams, ever entered into any contract with the prose-
cutor, Goree, to serve him as a laborer or otherwise. On the
contrary, the undisputed evidence is that Willis Adams en-
tered into a contract with the said Goree, that he, with his
wife and his two children, Wiley and John, would work the
farm of Goree for the year 1901. It is difficult to compre-
hend how a person could violate a contract to which he was
not a party, or how he could be enticed to violate such a con-
tract; and that is the only charge brought against the appel-
lant. While it is quite true that a father is entitled to the
services of his minor child and may by contract transfer that
right to another, yet such contract would be the contract of
the father and not the contract of the minor.

Without pursuing the discussion further, I am of opinion
that the defendant has been convicted under an erroneous
construction of the statutory provision which he is charged
with having violated, and is, therefore, entitled to a new
trial.

MESSRS. JUSTICES GARY and JONES *concur in the opinion
of* MR. CHIEF JUSTICE MCIVER.