STATE v. RHODY.

CRIMINAL LAW—MISDEMEANOR—LABORER.—Hiring a minor knowing him to be under contract with another to do farm work made by his father, is not a misdemeanor under Crim. Code, 539.

Before PURDY, J., Anderson, February, 1903. Affirmed.

Indictment in magistrate court against Frank Rhody for employing a minor under contract made by his father. From order of General Sessions reversing order of magistrate overruling demurrer to indictment, State appeals.

*Messrs. Julius E. Boggs* and *Tribble & Prince* and *Assistant Attorney General Townsend,* for appellant.

*Mr. A. H. Dagnall,* contra, cites: 55 S. C., 374; 63 S. C., 458; 54 S. C., 314; 16 S. C., 187; 17 Ency., 1 ed., 347; 27 L. R. A., 56; 54 S. C., 388; 1 N. & McC., 263; 5 Strob., 106; Civil Code, 1902, 2706, 2707, 2689.

July 21, 1903.  The opinion of the Court was delivered by

Mr. Justice Woods.  The defendant was arrested under a warrant charging him with employing one Anderson Clemmons, an infant under the age of twenty-one years, with knowledge that the infant was under contract made by his father to do general farm work as a laborer for John R. Bailey.  The defendant demurred to the affidavit and warrant, on the ground that they did not state facts sufficient to constitute an offense under the laws of this State.  The magistrate before whom the case was heard overruled the demurrer.  From this decision defendant appealed to the Court of General Sessions for Anderson County.  The Circuit Judge sustained the appeal and dismissed the prosecution.  The warrant was issued under the following statute: "Any person who shall entice or persuade by any means whatsoever, any tenant, servant or laborer, under contract with another, duly entered into between the parties before one or more witnesses, whether such contract be verbal or in writing, to violate such contract, or shall employ any laborer knowing such laborer to be under contract with another, shall be deemed guilty of a misdemeanor, etc." (Criminal Code, sec. 359.)

The sole question is, whether hiring a minor knowing him to be under a contract made by his father, is an offense under this act.  A laborer's contract, though not entered into as provided by statute, is good at common law—*Huff* v. *Watkins,* 18 S. C., 512; *State* v. *Williams,* 32 S. C., 123, 10 S. E., 876; and a father may by contract transfer his rights to a minor child's service—*Anderson* v. *Young,* 54 S. C., 388, 32 S. E., 448; *State* v. *Aye,* 63 S. C., 460, 41 S. E., 519.  In the latter case, the defendant was indicted under the section of the Criminal Code above quoted for enticing away a child who was a laborer for the prosecutor under a contract made by his father.  The portion of the statute relating to the offense of enticing or persuading away any tenant, servant or laborer, requires the contract to be

"entered into between the parties." The Court held that "the parties" meant "the person contracting to serve and the person to be served;" and as the child, who was the laborer, was not a party to the contract, there could be no conviction for enticing him away. The appellant in this case insists the word "contract" in the succeeding phrase of the statute, "or shall employ any laborer knowing such laborer to be under contract with another," means any legal contract, and is not limited by the words relating to a different offense in the preceding clause; that while there can be no conviction under the statute for enticing or persuading away a laborer, unless the contract has been made by the laborer himself in the presence of one or more witnesses, this condition does not apply to the offense of employing "any laborer knowing such laborer to be under contract with another." It is manifest the purpose of the entire statute is to prevent interruption of the industries of the country from unfair intermeddling with laborers who are under contract. Recognizing, nevertheless, the highly penal character of the law and the danger of abuse of it, as a safeguard against vexatious and oppressive prosecutions based on pretensive contracts, the General Assembly in express terms limited the offense of enticing or persuading away to laborers who had themselves entered into contracts in the presence of two or more witnesses. By the strongest implication, the same kind of contract is necessary to constitute the second offense created by the statute. We can think of no reason why the safeguards provided should be regarded more necessary in one case than in the other. It seemed, no doubt, quite unnecessary to the framers of the statute to repeat the limiting words when speaking of a laborer's contract the second time. The rule as to the interpretation of general words and phrases in statutes is laid down in Endlich on the Interpretation of Statutes, sec. 86, in the following language: "But it is in the interpretation of general words and phrases that the principles of strictly adapting the meaning to the particular subject matter in reference to which the words are used,

finds its most frequent application. However wide in the abstract, they are more or less elastic, and admit of restriction or expansion to suit the subject matter. While expressing truly enough all that the legislature intended, they frequently. express more in their literal meaning and natural force; and it is necessary to give them the meaning which best suits the scope and object of the statute, without extending to ground foreign to the intention. It is, therefore, a canon of interpretation that all words, if they be general and not express and precise, are to be restricted to the fitness of the matter. They are to be construed as particular if the intention be particular; that is, they must be understood as used in reference to the subject matter in the mind of the legislature, and strictly limited to it." It .follows from the conclusion we have reached as to the construction of the statute, that the case falls within the decision of this Court in *The State* v. *Aye,* 63 S. C., 460.

The judgment of the Circuit Court is affirmed.