## STATE v. JOHN A. GIANTVALLEY.[1]

October 24, 1913.

Nos. 18,405—(17).

**Advertising for divorce business.**

Defendant was convicted of advertising for divorce business, in violation of R. L. 1905, § 5166. It is *held:*

[1] Reported in 143 N. W. 780.

---

Note.—As to the right of an attorney at law to solicit business, generally, see note in 9 L.R.A.(N.S.) 282. And for advertising by an attorney as ground for disbarment, see note in 33 L.R.A.(N.S.) 941.

(1) The advertisement which defendant caused to be published was a violation of the statute.

(2) The construction of a writing, when the intention of the writer is to be gathered wholly from the writing itself, is for the court. There being no evidence offered to explain the meaning of the advertisement in question, the court properly refused to submit the question to the jury.

(3) The statute in question is not invalid because depriving defendant of a vested right.

Defendant was indicted, tried in the district court for Hennepin county before Jelley, J., and a jury, and convicted of the crime of advertising and soliciting for divorce business. From the judgment requiring defendant to pay a fine of $200 or in default thereof to be committed to the common jail until the fine should be paid, the term of confinement not to exceed five months in duration, defendant appealed. Affirmed.

*Percy D. Godfrey,* for appellant.

*Lyndon A. Smith,* Attorney General, *J. H. Robinson,* County Attorney, and *Mathias Baldwin,* Assistant County Attorney, for respondent.

BUNN, J.

Defendant was convicted of advertising for divorce business, in violation of R. L. 1905, § 5166. He appeals from the judgment.

It was established by the evidence that defendant, an attorney at law of this state, prepared and caused to be published as an advertisement in the Minneapolis Tribune the following:

"Law Specialties, divorce and corporation matters; confidential advice; free booklet on organization and promotion of corporations; references. Address H722 Tribune."

Defendant offered no testimony. The court instructed the jury that, if defendant inserted and published the advertisement in the Tribune, he was guilty.

It is contended by defendant on this appeal: (1) That the advertisement was not a violation of the statute; (2) that the court should have submitted to the jury the question whether the adver-

tisement was a violation of the statute; (3) that the statute is void because it impaired a vested right of defendant.

R. L. 1905, § 5166, reads as follows:

"Every person who shall advertise, print, publish, distribute, or circulate, or cause to be advertised, printed, published, distributed or circulated, any pamphlet, card, handbill, circular, advertisement, printed paper, book, newspaper, or notice of any kind, offering to procure or obtain, or to aid in procuring or obtaining any divorce, or the severance, dissolution, or nullity of any marriage, or offering to engage, appear or act as attorney, counsel or referee in any suit for divorce, alimony, or the severance, dissolution or nullity of any marriage, either in this state or elsewhere, shall be guilty of a gross misdemeanor. * * * "

As applicable to the facts here, the statute in substance provides: Any person who shall cause to be published any advertisement offering to procure or assist in procuring any divorce, or offering to engage, appear or act as attorney or counsel in any suit for divorce, shall be guilty of a gross misdemeanor.

1. Was the advertisement that defendant caused to be published a violation of the statute? It is true that defendant does not in so many words offer to procure divorces or to act as attorney or counsel in divorce suits. But he was an attorney at law, and unquestionably had a motive when he paid for the publication of an advertisement which informs the public that "H722 Tribune" specializes in divorce matters. If his object was purely philanthropic, as he seems now to urge, if he desired only to prevent marital troubles from reaching the divorce court, we would hardly look for such stealth or such concealment of so worthy an object. There are happily many lawyers who use their best efforts to keep their clients out of the divorce courts, but we are unable to take judicial notice that any make this a specialty and advertise it. What would the ordinary married man or woman with domestic difficulties understand from the advertisement? We venture to say that it would not be misunderstood. There can be no "divorce" without a suit in court. "Divorce matters" can mean nothing but matters relating to a divorce action. The lawyer or friend who endeavors to adjust

out of court differences between husband and wife, is not engaged in a "divorce matter." To hold that the law is not violated unless there is a direct offer to procure a divorce, or to act as attorney in a divorce suit, would defeat the object of the statute, and render it valueless. In effect defendant offered to act as attorney or counsel in divorce suits. We hold that his advertisement was a violation of the statute. We are not unmindful of the rule that a violation of the law is not presumed to have been intended, and if the advertisement fairly admitted of two interpretations, we would give it that interpretation which would make its publication innocent. But we think that, fairly and reasonably construed, the advertisement does not admit of the interpretation which defendant would now give it.

2. It is contended that the meaning of the advertisement should have been left to the jury. We cannot so hold. We are not prepared to say that oral evidence to explain its meaning would have been admissible, but clearly, in the absence of such evidence, there was nothing to submit to the jury. The construction of a writing, when the intention of the writer is to be gathered wholly from the writing itself, is for the court. It is only when extrinsic evidence is admitted to explain an ambiguous instrument, and such evidence is conflicting, that the question should be submitted to the jury. 3 Dunnell, Minn. Digest, § 9709 and cases cited. T. R. Foley Co. v. McKinley, 114 Minn. 271, 131 N. W. 316. The rule is too well settled to admit of doubt. It applies in criminal cases as well as civil. State v. Fellows, 98 Minn. 179, 107 N. W. 542, 108 N. W. 825; Dotson v. State, 88 Ala. 208, 7 South. 259; State v. Delong, 12 Iowa, 453; State v. Looke, 7 Ore. 54; State v. Patterson, 68 Me. 473; State v. Williams, 32 S. C. 123, 10 S. E. 876.

3. It is argued that, because defendant was admitted to the bar of Minnesota before the statute was enacted, the law deprived him of a vested right to advertise that he was a specialist in divorce matters, and is therefore unconstitutional. Granting that defendant's license to practise his profession give him a right to advertise his proficiency in any branch of it, such right was subject to regulation. The legislature decided that advertising for divorce business was

contrary to public policy, and certainly the decision was justified. Rights of property far more valuable than any right defendant may have had to advertise his calling, have been obliged to yield to considerations of public health, safety and morals. We hold that the statute is valid.

Order affirmed.