8762

STATE v. WILLIAMS.

(81 S. E. 154.)

CRIMINAL LAW.   APPEAL AND ERROR.   LABOR CONTRACT.   OBJECTIONS TO
    WARRANT.

1. The general rule that questions which were not raised in the trial
Court will not be considered on appeal will not be applied in a
criminal case tried before a magistrate, where the warrant charges
no offense against the law, and there is a total failure of proof of
any crime, not merely as to some immaterial particular or particu-
lars, but in respect to matters which go to the foundation of the
offense alleged, or attempted to be alleged, and proved.

2. Under Criminal Code 1912, sec. 492, providing that any person who
shall contract with another to.render personal services, and shall
thereafter fraudulently or with malicious intent fail or refuse to
render such service, shall be guilty of a misdemeanor, section 494,
making the breach *prima facie* evidence that the violation was fraud-
ulent and malicious, and section 497, providing that the contract
may be verbal or in writing, and, if in writing, it shall be witnessed
by one or more disinterested persons, and, if verbal, by at least two
disinterested witnesses, not related by blood or marriage within the
sixth degree to either party, where the warrant does not allege and
the proof does not show whether the contract was verbal or in writ-
ing, or whether it was witnessed, a conviction cannot be predicated
thereon.

3. Criminal Code 1912, sec. 84, providing that objections to any indict-
ment for defects apparent on the face thereof must be taken by
demurrer or motion to quash before the jury is sworn, does not
apply to magistrate's Courts.

Before DeVore, J., Greenville, December, 1913.  Re-
versed.

Prosecution in magistrate's Court of Jim Williams, con-
victed of violating a labor contract.  From an order of the
Court of General Sessions affirming the judgment of the
magistrate's Court, the defendant appeals.

*Mr. D. H. McGill,* for appellant, cites: *No proof that
contract was witnessed as required by the statute:* Crim.

Code, 497; 32 S. C. 123; 61 S. C. 74; 66 S. C. 400; Black. Interpretation of Statutes, 213.

*Mr. Solicitor Cooper,* for respondent.

March 23, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Section 492 of the Criminal Code provides that: "Any person who shall contract with another to render him personal service of any kind, and shall thereafter fraudulently, or with malicious intent to injure his employer, fail or refuse to render such service as agreed upon, shall be deemed guilty of a misdemeanor." Section 494 makes the breach of the contract by the employee, without sufficient cause, and to the injury of his employer, *prima facie* evidence that his violation thereof was fraudulent and with malicious intent to injure his employer. Section 497 provides that the contract may be verbal or in writing. If in writing, it shall be witnessed by one or more disinterested persons; if verbal, it must be witnessed by at least two disinterested witnesses, not related by blood or marriage within the sixth degree to either party. Other provisions of the statute, which are not pertinent, need not be mentioned.

The defendant was convicted, under this statute, in a magistrate's Court, on a warrant which,˙after stating the time and place, charged only that he "did enter into a contract with one A. B. Connelly by which he was to work for wages for said Connelly for the months of March, April, May, June, July, September, October, and November, for salary of $12 per month; that, on the 22d day of May, 1913, he breached said contract contrary to form of the statute in such case made and provided."

The only testimony to support the charge was that of Connelly, the employer, which was as follows: "I employed this man, Jim Williams, to work for me during the months

of March, April, May, June, July, September, October, and November. I was to pay him $12 per month. I was to pay him monthly. I have carried out my part of the said contract. On 22d May, I sent him to the field to cut some oats, and he left, and I have not seen him since, until this morning, June 4, 1913." Upon this testimony, defendant was convicted and sentenced. He was not represented by counsel at the trial. He afterwards employed counsel, who appealed on the following grounds: "(1) Because the affidavit and warrant fail to state facts constituting any offense known to the law, and especially the offense for which he was convicted; there being no allegation as to whether the contract was verbal or in writing, or whether it was witnessed as is required by law, and there was a total failure of proof that the defendant committed the offense for which he was convicted. (2) Because there was a total failure of proof that the alleged contract was witnessed as required by law, if verbal, by two disinterested witnesses not related by blood or marriage within the sixth degree to either party to said contract, and, if written, by one disinterested witness, and a total failure of proof that it was such a contract as could be enforced under the statute of frauds. (3) Because there is a total failure of proof that said contract was witnessed as either verbal or written contracts are required by statute to be witnessed, as well as a total failure of proof as to whether said contract was verbal or in writing." ·

The Circuit Court dismissed the appeal, for the following reason: "The record shows that not one of the grounds of appeal was passed on by the Court below, and that the magistrate was not called on or required to do so; he therefore made no ruling on either or any or all of them. That being so, I cannot say that he erred."

No doubt, the general rule is that questions which were not raised in the trial Court will not be considered on appeal. The rule is founded upon sound reason and policy. It has

often been applied and enforced by this Court, and, in purpose and effect, it is a most salutary rule in the administration of the law. But, like most rules, it is subject to some limitations and exceptions. It would be stretching it to an unwarranted length, especially in a criminal case, tried before a magistrate, to hold that a conviction must be sustained, where the warrant charged no offense against the law, and there is also a total failure of proof of any crime; the failure of proof not being merely as to some immaterial particular or particulars, but in respect of matters which go to the very foundation of the offense alleged, or attempted to be alleged, and proved, and therefore to the very heart of the judgment.

In this case, the warrant does not allege, nor does the testimony show, whether the contract was verbal or in writing, or whether it was witnessed, as required by the statute. If it was not so witnessed, whether verbal or in writing, conviction cannot be predicated upon it. *State* v. *Williams,* 32 S. C. 123, 10 S. E. 876. These defects in the warrant and evidence are fatal to the judgment, and the Circuit Court should have ordered a new trial.

Nothing more need be said, except that section 84 of the Criminal Code, which provides that objections to any indictment for defects apparent on the face thereof must be taken by demurrer or motion to quash, before the jury is sworn, does not apply to magistrates' Courts.

Reversed.