Argued September 8, affirmed September 21, 1915.

# STATE *v.* HOLLINSHEAD.

### (151 Pac. 710.)

**Obscenity—Immoral Advertising—Indictment—Sufficiency—Statute.**

1. Where an indictment for a violation of Section 2095, L. O. L., denouncing the advertising of the treatment or cure of venereal diseases, charged that defendant violated the law "by then and there exposing and exhibiting to the view of a large number of persons and displaying and publishing in the aforesaid county and state, a certain advertisement, to wit, a sign, in words and figures as follows, to wit," then setting out in full the objectionable matter, was sufficient.

[As to "knowingly" distributing or mailing obscene matter, see note in Ann. Cas. 1912A, 434.]

**Statutes — Title — Amendment — Constitutional Provision — "Sexual" —"Venereal."**

2. Under Article IV, Section 20, of the Constitution, providing that every act shall embrace but one subject, that shall be expressed in the title, where the title of Section 2095, L. O. L., denouncing the advertising of cures for sexual disease, was, as originally enacted, entitled "An act to prohibit the advertising of the treatment or cure of venereal or other diseases, declaring the same a misdemeanor and prescribing a penalty therefor" (Laws 1909, p. 229), the title to the amendatory act, reading "An act to amend Section 2095, L. O. L., relating to advertising to cure sexual diseases" (Laws 1913, p. 496), was sufficient, since to refer in the title of an amendatory act to that of the amended act is a sufficient statement of the subject of the amendatory act, while "sexual" is synonymous with "venereal."

**Obscenity—Police Power—Prohibition of Advertising Venereal Cures.**

3. Section 2095, L. O. L., denouncing the offense of advertising venereal cures, was constitutional as a valid exercise of the police power of the state, since it is against public policy to allow interested individuals to disseminate the notion that sexual disease is easily and cheaply cured, as tending to destroy a restraint on immorality.

**Constitutional Law — Class Legislation — Prohibition of Advertising Venereal Cures.**

4. Section 2095, L. O. L., denouncing the offense of publishing or advertising cures of venereal disease, was not unconstitutional as class legislation.

**Constitutional Law—Equal Protection of Laws—Prohibition of Advertising Venereal Cures.**

5. Section 2095, L. O. L., denouncing the offense of advertising venereal cures, was not invalid as infringing the constitutional guaranty of equal protection of the laws.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.    Statement by MR. JUSTICE BENSON.

Edwin Hollinshead was indicted for the violation of Section 2095, L. O. L., as amended by the legislature in 1913: Laws 1913, p. 496.    The title of the original enactment is as follows:

"An act to prohibit the advertising of treatment or cure of venereal or other diseases, declaring the same a misdemeanor and prescribing a penalty therefor": Laws 1909, p. 229.

The act, as amended, including the title, reads thus:

"An act to amend Section 2095, Lord's Oregon Laws, relating to advertising to cure sexual diseases."

The full text of the act, as amended, reads as follows:

"Any person who shall advertise or publish any advertisement intended to imply or to be understood that he will restore manly vigor, treat or cure lost manhood, lost power, stricture, gonorrhea, chronic discharges, gleet, varicocele or syphilis, or any person who shall advertise any medicine, medical preparation, remedy or prescription for any of the ailments or diseases enumerated in this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than $100 nor more than $1,000, or by imprisonment in the county jail for a period of not less than six months nor more than 12 months, or by both such fine and imprisonment.    Any owner or managing officer of any newspaper in whose paper shall be printed or published any such advertisement as is described in this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than $100 nor more than $1,000, or by imprisonment in the county jail for a period of not less than 6 months or more than 12 months, or by both such fine and imprisonment."

The indictment charges the defendant with having violated this law by advertising a certain proprietary remedy, guaranteed to cure gonorrhea or gleet. The defendant demurred to the indictment, assigning as the only ground therefor that the foregoing act is unconstitutional and void. The trial court overruled the demurrer, and, the defendant refusing to plead over, a judgment of conviction was entered against him, from which this appeal is taken.          AFFIRMED.

For appellant there was a brief over the names of *Mr. Barnett H. Goldstein* and *Messrs. Joseph & Haney,* with oral arguments by *Mr. Goldstein* and *Mr. Bert E. Haney.*

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and *Mr. George Mowry,* Deputy District Attorney, with an oral argument by *Mr. Evans.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Defendant's first contention is that the indictment does not contain a statement of the facts constituting the offense with sufficient clearness and distinctness as to notify the defendant specifically of the offense for which he is to be tried. We cannot agree with the contention. The indictment very clearly and specifically states that the defendant violated the law "by then and there exposing and exhibiting to the view of a large number of persons, and displaying and publishing, in the aforesaid county and state, a certain advertisement, to wit, a sign, in words and figures as follows, to wit," and then sets out in full the objection-

able matter. This is so clearly sufficient that further comment is unnecessary.

2. The chief contention of defendant is, however, more serious, being the assertion that the statute upon which the prosecution is based is unconstitutional and void. It is first maintained that the act is defective, in that the subject thereof is not fairly expressed in the title, and that the act embraces more than one subject. The constitutional inhibition to which counsel appeals upon this point is as follows:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title": Article IV, Section 20.

It must be observed that the title of the original statute as enacted in 1909 reads thus:

"An act to prohibit the advertising of treatment or cure of venereal or other diseases, declaring the same a misdemeanor and prescribing a penalty therefor."

We think it will be conceded without argument that this title fully covers the scope of the act itself. The title of the amendment reads thus:

"An act to amend Section 2095, Lord's Oregon Laws, relating to advertising to cure sexual diseases."

In Funk & Wagnall's New Standard Dictionary the word "sexual" is given as synonymous with "venereal," and is so accepted in common usage. This court, in the case of *Ex parte Howe,* 26 Or. 182 (37 Pac. 536), speaking by Mr. Justice BEAN, says:

"Hill's Annotated Laws is an authorized compilation of the statutes of Oregon, and to refer in the title

of a legislative act to the particular section of such compilation sought to be amended is a sufficient statement of the subject for a mere amendatory act, and if the provisions of the amendment could have been included in the original act without violating the Constitution, it is valid."

It follows that this contention of defendant must fail.

3–5. The next point presented is that the act is unconstitutional and void, in that it is class legislation, and is a violation of the constitutional guaranty of equal protection of the law. This may well be considered in connection with the final proposition that the act is void because it is not within the legitimate scope of the police power of the state and is a violation of the constitutional provision that no person shall be deprived of life, liberty or property without due process of law.

For many years it has been recognized by publicists and legislators that some drastic action is necessary to check certain social evils and to protect youthful and inexperienced humanity, not only from easy access to vicious and immoral practices, but also from the schemes of designing men, who, for the sake of financial profit, would prey upon the calamities of the unfortunate who have sowed the wind and reaped the whirlwind. Further than this, it has been thought that the act of spreading broadcast, by means of advertising, the idea that certain venereal diseases are easily and cheaply cured, is against public policy, in that it has a decided tendency to minimize unduly the disastrous consequences of indulging in dissolute action. These views were evidently the moving principle of our legislators in the passage of the act under discus-

sion. The purpose of the act is clearly in the interest of the public morals. It is not class legislation, for it applies to all who may be engaged in a like business. Similar legislation has been held valid in other states, upon both contentions. In the case of *People* v. *Kennedy,* 176 Mich. 384 (142 N. W. 771), the court, in passing upon a similar statute, says:

"It is the duty of the court to give effect to a legitimate legislative purpose plainly indicated, if it can reasonably be done, and not construe language so as to invalidate an act where the language is fairly susceptible of a construction consistent with validity. The act appears to be a reasonable police regulation."

Again, in the case of *Kennedy* v. *State Board of Registration,* 145 Mich. 241 (108 N. W. 730, 9 Ann. Cas. 125), the plaintiff, a physician, sought to enjoin the defendant from revoking his certificate for having violated a statute which, in part, reads thus:

"And provided further, after the passage of this act, the board may at its discretion revoke the certificate of registration, after due notice and hearing of any registered practitioner who inserts any advertisement in any newspaper, pamphlet, circular, or other written or printed paper, relative to venereal diseases or other matter of any obscene or offensive nature derogatory to good morals."

This was held to be a valid exercise of police power. In the case of *State* v. *Giantvalley,* 123 Minn. 227 (143 N. W. 780), Mr. Justice BUNN, of the Supreme Court of Minnesota, says:

"It is argued that, because defendant was admitted to the bar of Minnesota before the statute was enacted, the law deprived him of a vested right to advertise that he was a specialist in divorce matters, and is therefore unconstitutional. Granting that defendant's license to practice his profession gave him a right to advertise

his profficiency in any branch of it, such right was subject to regulation. The legislature decided that advertising for divorce business was contrary to public policy, and certainly the decision was justified. Rights of property far more valuable than any right defendant may have had to advertise his calling have been obliged to yield to considerations of public health, safety, and morals. We hold that the statute is valid.''

We might multiply similar citations, but it is not necessary. We regard the statute in question as a valid exercise of the police power of the state, and the judgment of the trial court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BURNETT concur.

---

'Argued September 9, affirmed September 21, 1915.