## STATE *v.* HURDLE.

[74 South. 618, Division A.]

MASTER AND SERVANT. *Enticing laborer. Police power. Statute.*

Section 1146, Code 1906, providing that one who interferes with or induces a laborer or renter to leave his employer before the expiration of his contract without the consent of the employer, shall be guilty of a misdemeanor, is not violative of the Constitution of the state, but a legitimate exercise of the police power of the state.

APPEAL from the circuit court of Lafayette county.

HON. J. L. BATES, Judge.

An affidavit was filed against J. T. Hurdle for enticing and inducing a laborer to leave his employer before the expiration of his contract. From a judgment sustaining a demurrer to the affidavit, the state appeals.

Section 1146, Code of 1906: If any person shall willfully interfere with, entice away, knowingly employ, or induce a laborer or rentor who has contracted with another person for a specified time to leave his employer or the leased premises, before the expiration of his contract without the consent of the employer or landlord, he shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars, and in addition shall be liable to the employer or landlord for all advances made by him to said renter or laborer by virtue of his contract with said renter or laborer, and for all damages which he may

have sustained by reason thereof.    The provisions of this section shall apply to minors under contract made by a parent or natural guardian.

*Frank Roberson,* Assistant Attorney-General, for the state.

I am at somewhat of a loss to know just what idea the learned circuit judge had in sustaining the demurrer to the affidavit in the case at bar.    It might have been that the court proceeded on the idea that sections 1146, 1147 and 1148 were companion statutes and passed at the same time for the same purpose.    And since sections 1147 and 1148 have been declared to be unconstitutional it followed ·that section 1146 was also invalid.

The history of the statutes, as stated above, shows that section 1146 was passed some years prior to sections 1147 and 1148.    The legislature had passed section 1146 and evidently recognized that that section was as far as they could go without violating constitutional rights.

In the exercise of its police power the state had a perfect right to pass a statute that would make it a misdemeanor for a person to interfere with, or entice away, or knowingly· employ or induce a laborer who had contracted with another for a specified time, to leave his employ before the expiration of his contract without the consent of the· employer.

In the recent case of *Hadacheck* v. *Sebastain,* 239 U. S. 394, 60 L. Ed. 348, a very interesting discussion of the police power of the state is found.    A pertinent excerpt from *Booth* v. *People,* 186 Ill. 43, 78 Am. St. Reports 229, is as follows: ''The state inherently possesses, and the general assembly may lawfully exercise such power of restraint upon private rights as may be found to be necessary and appropriate to promote the health, comfort, safety, and welfare of society.

This power is known as the police power of the state. In the exercise of this power the general assembly may, by valid enactments—i. e., 'due process of law'— prohibit all things hurtful to the comfort, safety, and welfare of society, even though the prohibition invade the right of liberty or property of an individual. 18 Am. & Eng. Ency. of Law, 739; *Lakeview* v. *Rose Hill Cemetery Co.,* 70 Ill. 191, 22 Am. Rep. 71.''

It cannot be argued that this power has been arbitrarily exercised as even against one class of persons for enticing away, etc., the laborer. The statute is applicable to ''any person'' who commits the prohibited act, whether he be a labor agent, another landlord, ''rich man, poor man, beggarman, thief doctor, lawyer or Indian Chief.''

The fact that other states than Mississippi have passed statutes similar to section 1146 of the Code of 1906 should be highly persuasive that the passage of such act is a legitimate exercise of the police power. Arkansas has a statute passed years ago, and which has not been stricken down by the courts of that state, like the statute involved in this case. The state of Georgia has enacted similar statutes in the Georgia Penal Code. Likewise South Carolina has practically the same statute as shown by the Criminal Code of South Carolina, section 504.

This statute has been the law in South Carolina since 1880, and is still the law in that state. *State* v. *Aye,* 63 S. C. 458, 41 S. E. 519. Kentucky has practically the same statute as Mississippi. *Tarpley* v. *State,* 79 Ala. 271; *Driscol* v. *The State,* 77 Ala. 81; 2 Addison on Torts, Wood's Ed. p. 1272; *Ex parte Hardy,* 68 Ala. 303; *Lee* v. *State,* 75 Ala. 29; *Kline* v. *Eubanks,* 109 La. 241, 33 So. 211.

The statute of Alabama, which was declared unconstitutional by the Supreme court of the United State in *Bailey* v. *State of Alabama,* 219 U. S. 219, 55 L. Ed. 191, has been reenacted and does not contain the vice

in section 6846 of the Code 1907, of permitting involuntary servitude, etc. The constitutionality of the 1911 statute has been upheld in *Thomas* v. *State,* 69 So. 908.

Section 1146 of the Code of 1906, the act in question, has been before the supreme court of Mississippi more than twenty times and it might be well to note some of these cases. *Petty* v. *Legett,* 38 So. 549; *Armistead* v. *Chatters,* 71 Miss. 509, 15 So. 39; *Hoole* v. *Darroh,* 75 Miss. 257; See *Gregory* v. *State,* 42 So. 168.

While the court in *Hendrix* v. *State,* 79 Miss. 368, 30 So. 708, expressly declined to pass on the constitutionality of the act, we take it that it appeared to the court that in that particular case it was not necessary to even discuss the constitutionality of the act, and I submit that the court could not have intended to say that the case of *Hoole* v. *Darroh, supra,* had not already decided the question. It was absolutely necessary for the court to pass on the constitutionality in *Hoole* v. *Darroh,* because the point was properly raised.

*Triplet* v. *State,* 80 Miss. 379, 31 So. 743, involved this statute, and while the court reversed the case because of a defective affidavit, yet the court pointed out a way by which the affidavit could be made good. I think it a proper assumption that the court at that time considered the constitutionality of the act already settled.

It requires no argument to this court to prove the absolute necessity of some such statute in an agricultural state where long time contracts are made and monies necessarily advanced in anticipation of the fulfillment of a contract. This is without reference to the fact that incidentally the larger part of the labor may be negroes.

*L. C. Andrews,* for appellee.

In *State* v. *Armstead,* 103 Miss. 790, the court declared that section 1147 of the Code of 1906, was unconstitutional. This section punished a laborer, rentor or

share-cropper who had contracted with another person. for a specified time in writing, not exceeding one year, who shall leave his employer or leased premises before the expiration of his contract, without the consent of the employer or landlord, and make a second contract with a second party without giving notice of the first contract to the second party. The grounds upon which this statute was held unconstitutional are as follows: "That the effect of the law will be to force citizens into involuntary servitude, that his rights to contract will be restricted, and that his privileges and immunities will be abridged."

It is our judgment that section 1146 of the Code of 1906, restricts the freedom of contract, for it declares that a person who knowingly employs a laborer who has contracted with another person for a specified time to leave his employer without the consent of the landlord, shall be guilty of a misdemeanor. In the *Armstead case, supra,* the court holds that it is no crime for a laborer who has contracted with another person for a specified time in writing to leave his employer before the expiration of his contract. It could be no crime for a person to knowingly employ that laborer, for if it was, the laborer's right and freedom to contract is impaired. Respectfully submitted.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court of Lafayette county sustaining a demurrer to an affidavit, the material parts of which are here set forth:

"Jim Tom Hurdle did unlawfully and willfully interfere with and entice away and knowingly employ and induce Columbus Garrison, a laborer of Elic Lyles, who had contracted with Elic Lyles to work on shares for one year from January 1, 1916, to January 1, 1917, to

leave the said Elic Lyles before his time expired and without the consent of said Elic Lyles, landlord of Columbus Garrison, laborer, against the peace and dignity of the state of Mississippi.''

The affidavit follows the statute (section 1068, Code. 1892, and section 1146, Code 1906), which provides that any person convicted of violating the statute shall be guilty of a misdemeanor. Upon what ground the lower court sustained the demurrer to the affidavit does not appear in this record; but as the demurrer urged that the statute was unconstitutional, we presume that the court below sustained the demurrer upon this ground.

The statute here in question has been in existence for many years, and has been enforced, and its constitutionality upheld by this court. Similar statutes in other states have also been upheld as valid and constitutional. *Hoole* v. *Darroh,* 75 Miss. 257, 22 So. 829; *Gregory* v. *State,* 42 So. 168; *Hadacheck* v. *Sebastain,* 239 U. S. 394, 36 Sup Ct. 143, 60 L. Ed. 348; 18 Amer. & Eng. Encl. of Law, 739; *Lakeview* v. *Rose Hill Cemetery Co.,* 70 Ill. 191, 22 Am. Rep. 71; *State* v. *Aye,* 63 S. C. 458, 41 S. E. 519; *Tarpley* v. *State,* 79 Ala. 271; *Lee* v. *State,* 75 Ala. 29; *State* v. *Nix,* 165 Ala. 126, 51 So. 754; *State* v. *Harwood,* 104 N. C. 724, 10 S. E. 171; *Kline* v. *Eubanks,* 109 La. 241, 33 So. 211; *Petty* v. *Leggett,* 38 So. 549.

There is a clear difference between section 1146 and section 1147 of the Code of 1906. This court, in *State* v. *Armstead,* 103 Miss. 790, 60 So. 778, Ann. Cas. 1915B, 495, declared section 1147, Code unconstitutional which decision was eminently correct; but we think that section 1146, Code of 1906, is constitutional and valid as a legitimate exercise of the police power of the state.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*