The People ·of the State of New York, Respondent, v. Emil Bergman, Appellant.— Judgment of the County Court of Queens County, convicting defendant of the crime of seduction, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

The People of the State of New York, Respondent, v. Frank A. Erickson, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting the defendant of the crime of perjury in the second degree, reversed on the law, the information dismissed and bail exonerated. Although the crime charged in the information was nominally perjury in the second degree, the allegations in their legal effect charged the crime of perjury in the first degree. Therefore, the Court of Special Sessions lacked jurisdiction of the subject-matter. Upon that sole ground we predicate reversal and dismissal. (See *People* v. *Samuels*, *ante*, p. 167, decided herewith.) Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

The People of the State of New York, Respondent, v. Joseph Kress, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crime of robbery in the first degree affirmed. No opinion. Lazansky, P. J., Johnston and Adel, JJ., concur; Hagarty and Taylor, JJ., dissent and vote to reverse the judgment of conviction and to order a new trial, with the following memorandum: By proof independent of the accomplice's testimony the jury was enabled to find that approximately two weeks prior to the commission of the crime charged in the indictment this defendant was on board the speedboat utilized in the commission of the robbery in company with certain of those who participated in the crime. In the light of defendant's denial this trip assumed a sinister significance and was sufficient corroboratory evidence. (*People* v. *Deitsch*, 237 N. Y. 300; *People* v. *Dixon*, 231 id. 111, 117; *People* v. *Crum*, 272 id. 348, 356; *People* v. *Mayhew*, 150 id. 346, 353.) The proof with respect to money paid by defendant's relatives in response to threats was of no probative value as corroboration, however, in the absence of a showing that the defendant authorized or directed such payment. (*People* v. *Buzzi*, 238 N. Y. 390; *People* v. *Pignataro*, 263 id. 229; *People* v. *Luckman*, 254 App. Div. 694.) This vital element was supplied alone by the accomplice. At the end of the chain of this proof it remained dependent solely upon the evidence of the accomplice, and is of no value as corroboration. (*People* v. *Reddy*, 261 N. Y. 479, 486; *People* v. *Taleisnik*, 225 id. 489, 493.) Such proof, admitted over objection and exception, should have been struck from the record and the jury instructed to disregard it. Instead, the jury was permitted to treat it as sufficient corroboratory evidence. Speculation ensues as to whether the conviction was founded upon proper proof, and so required its reversal. (*People* v. *Lazar*, 271 N. Y. 27; *People* v. *Markus*, 168 App. Div. 184.)

The People of the State of New York, Respondent, v. William R. Mearns, Appellant.—Judgment of the County Court of Kings County convicting the defendant of the crime of perjury in the first degree unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

The People of the State of New York, Respondent, v. Callie E. Morris, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting the defendant of the crime of violating section 1142-a of the Penal Law (prohibiting advertisements relating to certain diseases) unanimously affirmed. In our opinion (1) the evidence amply